FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 17 PM 4: 34

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PHILLIP DEAN                             CIVIL ACTION

VERSUS                                   NO. 06-0547

LT. LONNIE MABILE                        SECTION: "R"(3)

## REPORT AND RECOMMENDATION

Plaintiff, Phillip Dean, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Louisiana. He named as defendants Lt. Lonnie Mabile, Christy Crochet, Geordie Debach, C.A. Lowe, Jim Hereford, Fred Y. Clark, and Richard Stalder. In his complaint, plaintiff alleges that he was arrested by Lt. Lonnie Mabile on September 19, 2003. Based on that arrest, his parole on a prior conviction was revoked. However, the criminal charges stemming from his arrest by Mabile were subsequently dismissed, and it was ordered that plaintiff's parole be reinstated or that a new parole revocation be held within twenty days.

On May 24, 2005, United States District Judge James Brady dismissed plaintiff's claims against Crochet, Debach, Lowe, Hereford, Clark, and Stalder. Accordingly, only the false arrest claim against Mabile remains.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

Mabile filed a motion for change of venue, asking that this matter be transferred to this Court. That motion was granted on January 17, 2006.

On February 10, 2006, the undersigned United States Magistrate Judge issued a minute entry setting a preliminary conference in this matter for March 6, 2006.[1] On March 6, 2006, the United States Postal Service returned as undeliverable the copy of that minute entry mailed to plaintiff at his address of record.[2] Because plaintiff's whereabouts were unknown and the Court had no way to contact him, the scheduled conference could not be held. Out of an abundance of caution, the Court rescheduled the conference for April 7, 2006, at 9:15 a.m. Plaintiff was ordered to provide the Court with a telephone number at which he could be reached for that conference. Additionally, he was advised that if he failed to do so and failed to participate in the conference, the undersigned would recommend that his remaining claim be dismissed for failure to prosecute.[3] Plaintiff did not contact the Court as ordered or participate in that conference.

The complaint plaintiff signed contained the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[4] Plaintiff has failed to meet that obligation, and, as noted, his current whereabouts are unknown. Because plaintiff has not filed a change of address, the Court has no way to contact him or to otherwise advance his case on

---

[1] Rec. Doc. 2.

[2] Rec. Doc. 4.

[3] Rec. Doc. 5.

[4] Rec. Doc. 1, Complaint, p. 6.

2

the docket. Therefore, it is appropriate to dismiss this lawsuit without prejudice for failure to prosecute.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Mail from this Court sent to plaintiff at his address of record has been returned as undeliverable,[5] and plaintiff has failed to provide this Court with his current address despite acknowledging on his complaint that he was aware of his obligation to do so. Due solely to plaintiff's failure to meet that obligation, this Court has no way to contact him to schedule a preliminary conference or to otherwise advance his case.

---

[5] Rec. Doc. 4 (returned on March 6, 2006). The Court notes that Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

3

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's remaining claim against Lt. Lonnie Mabile be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 17 day of April, 2006.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE